SHEDD, Circuit Judge,
concurring in the judgment:
Because I agree that Kellie Ballard waived any claim she had under the Equal Credit Opportunity Act (“ECOA”), I concur in the judgment reached by the court.
I do not join Part III of the majority opinion, which — as even the majority concedes — is unnecessary to deciding the appeal. See Leiba v. Holder, 699 F.3d 346, 352 (4th Cir.2012) (noting dicta is “nonbinding”). In fact, contrary to the majority’s suggestion, I believe that ECOA does not cover a “guarantor” under the circum *315 stances presented here, where Bank of America is not discriminating against Ballard on account of her marital status; rather, the Bank is requiring more of Ballard on account of her joint-ownership of property and her wealth. Therefore, the Bank’s actions are “sound commercial practice unrelated to any stereotypical view of a wife’s role” and do not violate ECOA. Moran Foods, Inc. v. Mid-Atl. Mkt. Dev. Co., LLC, 476 F.3d 436, 442 (7th Cir.2007).